**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

_____

No. 95-11209

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Herb Marchman, Individually and as Assignee of American Nut Corp.,

Plaintiff/Appellant/Cross-Appellee,

versus

NationsBank of Texas, N.A., formerly known as NCNB Texas National
Bank,

Defendant/Appellee/Cross-Appellant.

\*          \*          \*          \*          \*          \*          \*

_____

No. 96-10593

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Herb Marchman, Individually and as Assignee of American Nut Corp.,

Plaintiff-Appellant,

versus

NationsBank of Texas, N.A., formerly known as NCNB Texas National
Bank,

Defendant-Appellee.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Appeal from the United States District Court
For the Northern District of Texas

January 24, 1997

Before POLITZ, Chief Judge, REAVLEY and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this case consolidated on appeal, Plaintiff/Appellant/Cross-Appellee Herb Marchman (individually and as assignee of American Nut Corporation ("ANC")) appeals a final judgment entered by the district court on November 29, 1995, dismissing his suit with prejudice. In addition, Marchman appeals three specific orders of the district court: (1) an order of September 11, 1995, to the extent that it granted summary judgment dismissing all of Marchman's claims which the New Mexico supreme court had previously dismissed for lack of standing; (2) an order of November 29, 1995, which granted summary judgment in favor of the defendant on Marchman's claims of negligence, fraud and intentional misrepresentation, and breach of the duty of good faith and fair dealing; and, (3) an order of May 9, 1996, denying Marchman's objection to an award of costs against him as untimely.

Defendant/Appellee/Cross-Appellant NationsBank of Texas, N.A., f/k/a NCNB Texas National Bank ("NationsBank"), appeals the ruling of September 11 claiming that the district court erred to the extent that it found Marchman's claims as assignee of ANC were not

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

barred.

NationsBank moved for summary judgment on June 22, 1995, asserting that the entire action in Texas was barred by the doctrine of *res judicata* as a result of a suit that had previously been filed against NationsBank in New Mexico state court. On September 11, 1995, the district court denied summary judgment based on *res judicata* but held that Marchman, as an individual, was precluded from suing NationsBank "on all claims as to which the New Mexico Supreme Court ruled that Marchman lacked standing to sue NationsBank." However, the district court held that the New Mexico decision would not affect Marchman's standing to sue as assignee of ANC.

In its order signed November 29, the court granted NationsBank's motions for summary judgment on Marchman's tort claims. The court did not elaborate on its rationale in the order itself but did indicate that it was ruling "for reasons stated from the bench."

During the summary judgment proceeding, the district court denied the negligence claims based in part on its finding that NationsBank did not owe a common law duty outside of the contractual relationship between the parties. The court also concluded that even had it found a duty, it saw no evidence of breach and no causal relationship between a breach and the damages suffered.

3

Regarding the claims of fraud or intentional misrepresentation, we agree with the district court's implicit finding that there was no evidence from which a reasonable judge or juror could infer that the representations were known to be false when made or that they were made recklessly without regard to truth. Furthermore, the court found that Marchman failed to present evidence from which a reasonable trier could conclude that ANC justifiably relied on NationsBank's representations. We believe that the district court correctly applied the "justifiable reliance" standard although the judge did refer at one point to "reasonable reliance." Moreover, we conclude that there was no submissible issue of justifiable reliance from our *de novo* review of the record. The district court's finding and our own effectively dispose of Marchman's negligent misrepresentation claims also, because a finding of unjustifiable reliance on a claim of fraudulent conduct "precludes a negligent misrepresentation claim based on the same conduct." *Haralson v. E.F. Hutton Group, Inc.*, 919 F.2d 1014, 1026 n.5 (5th Cir. 1990).

Finally, the court rejected the claim based on breach of the duty of good faith and fair dealing. Marchman alleged in his second amended complaint that NationsBank owed ANC a duty due to their "special relationship." Citing *Hall v. Resolution Trust Corp.*, 958 F.2d 75 (5th Cir. 1992), the district court determined that no duty of good faith and fair dealing existed between the

parties. *Hall* ruled that, under Texas law, there is no special relationship which would lead to an implied duty of good faith and fair dealing in the lender-borrower context. *Id.* at 79. The district court also remarked that there was not a sufficient imbalance of power to imply such a duty.

Under Texas law, the duty of good faith and fair dealing arises in two circumstances. The parties can create the duty with express contractual language or a special relationship of trust and confidence may exist between the parties. *Jhaver v. Zapata Off-Shore Co.*, 903 F.2d 381, 385 (5th Cir. 1990)(citations omitted). This case presents neither circumstance. The creation of such a duty was not expressed in any of the agreements between the parties. Marchman did not demonstrate that a special relationship of trust and confidence existed.

On December 19, 1995, NationsBank filed its Bill of Costs with the Court. A copy was sent to Marchman, and he concedes that he received it about the time of its filing. Costs were entered against Marchman on January 4, 1996, in the amount of $37,136.57. Marchman filed an objection on April 15, 1996, which was denied by the district court as untimely. Marchman asserts that the district court erred in denying his objection because his motion was timely given that he did not receive actual notice of costs entered against him until April 8, 1996.

In its order, the district court noted that pursuant to the

Attorney Handbook for the Northern District of Texas Marchman could have objected to the Bill of Costs up to 10 days after it was filed by NationsBank.  The district court also indicated that under Federal Rule of Civil Procedure 54(d) Marchman could have objected to the Bill of Costs up to five days after the clerk signed it. Rule 54 states that "costs may be taxed by the clerk on one day's notice" and provides for review by the court if a motion is served "within 5 days thereafter."  Fed. R. Civ. P. 54(d)(1).  The court considered Marchman's receipt of the Bill of Costs to have been adequate notice.

We have heard oral argument and reviewed the record and the briefs filed by the parties in this matter.  We find no reversible error in the district court's orders.  Accordingly, for essentially the reasons articulated by the district court, we AFFIRM.